IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case Number: 3:24-CV-856-FDW-SCR

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> MARK MULLADY, <br><br> Defendant. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** |

## BOTTOM LINE UP FRONT

This Court should remand this case back to the Union County, North Carolina District Court pursuant to 28 U.S.C. § 1447. Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") filed a single state court claim in Union County, North Carolina District Court against Defendant Mark Mullady to collect $11,232.15 in unpaid credit card charges. Federal subject matter jurisdiction does not exist over JPMorgan's claim because it does not arise under federal law, *see* 28 U.S.C. § 1331, and because it does not meet the amount in controversy threshold to satisfy diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Mullady responded to the Complaint by removing the civil action to this Court. Mullady contends that federal question and diversity jurisdiction exist over this case by virtue of his counterclaims. Notice of Removal (Doc. #1) at 2. Procedurally, Mullady is wrong because he did not include his counterclaims, if any actually exist, as an attachment to his Notice of Removal. Because 28 U.S.C. § 1446(a) requires a party to include a copy of all pleadings from the state court along with the Notice of Removal, Mullady's failure to attach his counterclaims to the Notice of Removal requires the Court to remand this case. *City of Holly Springs v. Johnson & Johnson*, 2022 WL 4287206 *6 (N.D. Miss. Sept. 16, 2022); *Polito v. Hanover Ins.*

*Group, Inc.*, 2018 WL 3598873 *5-6 (W.D.N.Y. July 27, 2018). Moreover, Mullady's attempt at removal is substantively improper because "counterclaims may not be considered in the removal context to establish federal jurisdiction." *Cty. of Delaware v. Gov't Sys., Inc.*, 230 F. Supp. 2d 592, 597 (E.D. Pa. 2002); *accord Harford Cty., Md. v. Harford Mut. Ins. Co.*, 749 F. Supp. 701, 702 (D. Md. 1990) (noting that "[t]he Court determines whether a basis for removal exists by examining [the] plaintiff's claims . . . rather than [the defendant's]. . . defense[s] or counterclaims[s]"). Because Mullady bases this Court's alleged jurisdiction on his counterclaims, the Court must remand this case pursuant to § 1447 because it lacks subject matter jurisdiction.

## FACTS & PROCEDURAL HISTORY

Mullady opened a credit card account with JPMorgan on October 26, 2006. Doc. #1, Att. #1 at 4. Mullady used or authorized the use of the account, and, although JPMorgan provided periodic billing statements for the account to Mullady, he failed to make the required payments on the account. *Id*. at 5. Mullady's last payment on the account was made on or about July 21, 2023. *Id*. As of July 31, 2024, the outstanding balance owed on the account was $11,232.15. *Id*.

On or about August 15, 2024, JPMorgan, by and through its counsel, filed suit against Mullady in Union County, North Carolina District Court. Doc. #1, Att. #1 at 2. In its Complaint, JPMorgan brought a state court claim on the account and sought to recover only $11,232.15. *Id*. In response, Mullady filed a Notice of Removal in this case on September 23, 2024. Doc. #1. In his Notice of Removal, Mullady contends that this Court has both federal question and diversity jurisdiction over this case because his counterclaims arise under federal

law and his counterclaims cause the amount in controversy to exceed $75,000. *Id*. at 2. Mullady failed to attach any counterclaims to his Notice of Removal.

**ARGUMENT**

### A.     THE PROCEDURAL DEFECTS REQUIRE REMAND.

This Court should remand this case to the Union County, North Carolina District Court pursuant to 28 U.S.C. § 1447 because Mullady's removal of the case was procedurally improper. Pursuant to 28 U.S.C. § 1446(a), a removing party must attach all state court pleadings to the Notice of Removal. Mullady's Notice of Removal states that he has certain counterclaims against JPMorgan, but he failed to attach any counterclaims to his Notice of Removal. Doc. #1. Because Mullady failed to comply with § 1446(a), this Court must remand this case to the Union County, North Carolina District Court. *City of Holly Springs*, 2022 WL 4287206 at *6; *Polito*, 2018 WL 3598873 at *5-6.[1]

### B.     THE SUBSTANTIVE DEFECTS REQUIRE REMAND.

This Court should remand this case to the Union County, North Carolina District Court pursuant to § 1447 because it lacks subject matter jurisdiction over it. Federal subject matter jurisdiction did not exist over JPMorgan's well-pleaded complaint because (i) JPMorgan did not bring any claim arising under federal law and (ii) the $11,232.15 amount in controversy is less than the diversity threshold of $75,000. Perhaps realizing as much, Mullady claimed in his Notice of Removal that federal question jurisdiction and diversity jurisdiction exist over this case because his missing counterclaims arose under federal law and caused the amount in controversy to exceed $75,000. Doc. #1 at 2.

---

[1] JPMorgan's argument that this Court should remand this case on procedural grounds is timely because the Motion to Remand was filed within thirty (30) days of the filing of the Notice of Removal.

Mullady's arguments fail to show that this Court has subject matter jurisdiction over the case because "counterclaims may not be considered in the removal context to establish federal jurisdiction." *Cty. of Delaware*, 230 F. Supp. 2d at 597; *accord Harford Cty., Md.*, 749 F. Supp. at 702; *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012); *see also UTrue, Inc. v. Page One Sci., Inc.*, 457 F. Supp. 2d 688, 690 (E.D. Va. 2006). Because Mullady has purported to remove this case to federal court on the basis of his counterclaims, those claims cannot serve as predicates for removal. Once Mullady's counterclaims are disregarded, it is clear that this Court lacks federal subject matter jurisdiction over this case, and the matter should, therefore, be remanded to state court.

## CONCLUSION

This Court should remand this case to the Union County, North Carolina District Court because (i) the Notice of Removal of this case was procedurally defective and (ii) the Court lacks subject matter jurisdiction over it.

This the 23rd day of October, 2024.

/s/ B. Chad Ewing
B. Chad Ewing (N.C. State Bar No. 27811)
Womble Bond Dickinson (US) LLP
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037
Telephone: (704) 331-4996
Facsimile: (704) 338-7854
E-Mail: chad.ewing@wbd-us.com

***Attorneys for Plaintiff JPMorgan Chase Bank, N.A.***

## CERTIFICATE OF WORD LIMITATION

The undersigned hereby certify that this memorandum does not exceed 4,500 words and is therefore compliant with this Court's Initial Scheduling Order, ¶ 3.b.6.

/s/ B. Chad Ewing
B. Chad Ewing (N.C. State Bar No. 27811)
Womble Bond Dickinson (US) LLP
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, NC 28202-6037
Telephone:  (704) 331-4996
Facsimile:  (704) 338-7854
E-Mail:  chad.ewing@wbd-us.com

***Attorneys for Plaintiff JPMorgan Chase Bank, N.A.***

**CERTIFICATION**

The undersigned certifies the following:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to the authority provided.

3.

/s/ *B. Chad Ewing*
B. Chad Ewing