UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00856-FDW-SCR

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARK MULLADY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on *pro se* Defendant Mark Mullady's ("Defendant") Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), and related initial review.

## I. Background

Plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff") sued Defendant in Union County Superior Court, North Carolina based on Defendant's outstanding credit card debt. (Doc. No. 1-1.) Plaintiff seeks a judgment for the principal amount Defendant owes, $11,232.15. (Doc. No. 1-1, p. 2.) Defendant removed the case to this Court. (Doc. No. 1.) Defendant also filed an Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. No. 2.) Plaintiff then moved to remand this case to the Union County Superior Court, alleging the removal was procedurally and substantively deficient. (Doc. No. 4.)

## II. Application to Proceed without Prepaying Fees or Costs

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). "The

current statute permits an individual to litigate a federal action in forma pauperis if the individual files an affidavit stating, among other things, that he or she is unable to prepay fees 'or give security therefor.'" Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting 28 U.S.C. § 1915(a)(1)). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual seeking to proceed "in forma pauperis" need only show indigence or poverty sufficient to demonstrate his inability to provide for the necessities of life while paying the costs of litigation. Id. at 339–40. If a court determines at any time that the allegation of poverty made in an in forma pauperis application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

The Court is satisfied that Defendant is unable to pay the costs of these proceedings and the Application to proceed in forma pauperis will be granted for the limited purpose of this initial review.

### III. Initial Review

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the action to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In conducting the frivolity review, a court may consider subject-matter jurisdiction. Smile v. Crestmont at Ballantyne LLC, No. 3:19-CV-00035-MOC-DCK, 2019 WL 427334, at *3 (W.D.N.C. Feb. 4, 2019) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure.")).

A pro se complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where . . . there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

"[A] civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Under 28 U.S.C. § 1441(a). Federal district courts retain original subject-matter jurisdiction when, among other specific scenarios expressed in Title 28 of the United States Code, either (1) the complaint raises a federal question under 28 U.S.C. § 1331, or (2) the requirements for amount in controversy and diversity of citizenship are met under 28 U.S.C. § 1332.

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Because removal jurisdiction raises significant federalism concerns, the Court must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (quoting Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)); see also Dixon, 369 F.3d at 816.

The defendant "carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); see also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815 (4th Cir. 2004).

Here, Defendant contends in his Notice of Removal this Court can exercise subject-matter jurisdiction based on federal question, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. (Doc. No. 1.)

1. **Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether a federal question exists, courts look to the well-pleaded complaint rule. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 369–70 (4th Cir. 2001). "[A] counterclaim cannot serve as the basis for removal jurisdiction on federal question grounds." N. Carolina State Bar v. McDaniel, No. 5:24-CV-321-D, 2024 WL 3996032, at *2 (E.D.N.C. Aug. 29, 2024); Citibank, N.A. v. Day, No. 5:24-CV-00067-BO, 2024 WL 2012232, at *2 (E.D.N.C. Apr. 12, 2024), report and recommendation adopted, No. 5:24-CV-00067-BO, 2024 WL 4043819 (E.D.N.C. Sept. 4, 2024).

Here, Plaintiff's well-pleaded complaint does not present a federal question. (Doc. No. 1-1, p. 2.) Moreover, although Defendant asserts that federal question jurisdiction exists because he is bringing counterclaims under the Federal Reserve Act, 12 U.S.C. § 504, the Truth in Lending Act, 15 U.S.C. § 1640, and the Currency and Foreign Transactions Reporting Act, 31 U.S.C. § 5321,[1] (Doc. No. 1, p. 2), these counterclaims cannot serve as the basis for this Court's federal

---

[1] As Plaintiffs note in their motion to remand, it does not appear that Defendant has filed an answer or responsive pleading alleging these counterclaims. (Doc. No. 5, p. 3.)

question jurisdiction. As such, Defendant has failed to meet his burden of establishing that this Court has federal question jurisdiction over this case.

## 2. Diversity Jurisdiction

Federal district courts have diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. However, under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

In his Notice of Removal, Defendant alleges that he is a citizen of North Carolina and that Plaintiff is a citizen of Ohio. (Doc. No. 1, p. 2.) Because, as discussed above, this case cannot be removed based on federal question jurisdiction, it is "removeable solely on the basis of" diversity jurisdiction. However, Defendant is a citizen of North Carolina, where this action was brought, meaning the forum defendant rule precludes removal, and this Court cannot exercise diversity jurisdiction over this matter.

## IV. Conclusion

In sum, the Court lacks subject-matter jurisdiction over this action. Therefore, this action fails initial review under § 1915(e)(2)(B) and must be remanded.

**IT IS THEREFORE ORDERED** that:

1. Defendant's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.

2. Because this matter fails initial review under 28 U.S.C. § 1915(e)(2), this matter is **REMANDED** to the District Court of Union County, North Carolina, in accordance with 28 U.S.C. § 1447(c). The Clerk of Court is directed to mail a

certified copy of this Order of Remand to the Clerk of Court of Union County, North Carolina. The State Court may thereupon proceed with this case. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Signed: September 4, 2025

Frank D. Whitney
Senior United States District Judge